IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLARENCE ALONZO MUMFORD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2183 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Clarence Alonzo Mumford, a prisoner at the Polunsky Unit of the Texas Department of Criminal Justice (TDCJ), has filed a petition for a writ of habeas corpus challenging the outcome of a TDCJ disciplinary hearing. This action will be dismissed because it is baseless.

**I. Procedural History and Claims**

Mumford is being held pursuant to four felony convictions, but he does not challenge the validity of any conviction or state court judgment in this petition. Instead, he challenges the finding of a TDCJ disciplinary hearing officer. Mumford alleges that he was wrongly found guilty of violating TDCJ disciplinary rules. The hearing officer assessed the following punishments: a loss of 30 days of good time, a demotion from State Approved Trustee 3 to Line Class 1, and a loss of commissary privileges for 30 days. Mumford appealed the disciplinary action which was upheld by the prison administration.

Mumford contends that the disciplinary hearing officer violated his right to due process by denying his request for a witness to testify at the hearing and by disregarding Mumford's exculpatory

statement. Mumford also argues that the disciplinary officer was not fair and impartial and that the finding of guilt was based on insufficient evidence.

## II. Analysis

Mumford recently challenged another TDCJ disciplinary hearing which was dismissed as meritless. *Mumford v. Director, TDCJ-CID*, No. 9:04cv165 (E.D. Tex. Nov. 10, 2004). The District Court's decision in that action was based on the Magistrate's findings that Mumford was being held pursuant to two twenty-year convictions for Aggravated Assault on a Police Officer and Aggravated Robbery. *See id*, Magistrate's Report and Recommendation, Docket Entry No. 12, Page 1. The convictions made him ineligible for release under mandatory supervision until he discharged the sentences on October 21, 2021. *Id*; Commitment Inquiry, Docket Entry No. 7-2. All other sentences would be discharged on or before that date. *Id.*

In the present action, Mumford challenges the forfeiture of 30 days of good conduct time and seeks restoration of the lost time. Such a claim may be actionable if the petitioner's release under mandatory supervision is actually delayed by a disciplinary proceeding in which his procedural due process rights were violated. *Malachi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As the District Court for the Eastern District of Texas previously found, Mumford is not presently eligible for release under mandatory supervision. No. 9:04cv165, Docket Entry No. 12, at 3. Consequently, his loss of good time is not actionable because it does not unequivocally affect the duration of his incarceration. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

There is no legal basis to Mumford's claim that his rights were violated by the disciplinary hearing officer's order demoting him to a lower classification and custody status. The Constitution

does not provide prison inmates with a liberty interest in a particular classification. *Meachum v. Fano*, 96 S.Ct. 2532 (1976). The court liberally construes Mumford's claim regarding his classification change to include an allegation that it has adversely affected his ability to earn good time credit which, in turn, may hurt his chances of being released before the expiration of his sentence. Although some prisoners in the Texas prison system may earn good conduct time to hasten their eligibility for release on parole or mandatory supervision, they do not have an unqualified constitutional right to earn good time. TEX. GOVT. CODE § 498.003 (Vernon Supp. 2004) ("Good conduct time is a privilege and not a right."). Mumford's contention that his rights were violated by the loss of the opportunity to earn good time, which might possibly lead to an earlier release, is too speculative to implicate a violation of a constitutionally protected liberty interest. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997), *citing Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). (Moreover, as stated above, Mumford is not eligible for release under mandatory supervision.) Similarly, any adverse effects the disciplinary action may have had on Mumford's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995).

There is no legal basis to Mumford's claim regarding his temporary loss of commissary privileges because such punishments are not actionable in federal court. *Sandin v. Conner*, 115 S.Ct. 2293, 2297 (1995); *Luken*, at 193. A prisoner does not have many of the rights and privileges that a free citizen enjoys. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In some instances, the state may create liberty interests which are protected by the Due Process Clause. *Id.* However, a prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, at 2300. The temporary restrictions placed upon Mumford do not implicate due process concerns. *Madison*, 104

3

F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns. They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). *See also Orellana*, 65 F.3d at 31-32 (5th Cir. 1995).

The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Mumford's habeas petition is **DISMISSED** because it lacks an arguable basis in law. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998); *Newby v. Johnson*, 81 F.3d 567, 568-69 (5th Cir. 1996).

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Mumford has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a certificate of appealability from this decision will not be issued.

## IV. Conclusion

The court ORDERS the following:

1. This petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

2. A certificate of appealability is **DENIED**.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by sending one copy of each to the Attorney General of the State of Texas.

**SIGNED** on this 17th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE